UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 21-cv-02116-ALTMAN/Reid

**DARLENE M. GALLOWAY**,

    *Plaintiff*,

v.

**JOSEPH CHRISTOPHER COLLINS**,

    *Defendant*.

_____/

## ORDER

The Defendant filed a Motion to Dismiss (the "Motion") [ECF No. 16]. The Court referred the Motion to United States Magistrate Judge Lisette M. Reid, *see* [ECF No. 19], who issued a Report and Recommendation (the "Report") [ECF No. 24], suggesting that the Motion be **GRANTED**, *id.* at 11. Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Ibid.* More than fourteen days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that

Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the record, and the applicable law, and can find no clear error on the face of the Report. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Report [ECF No. 24] is **ACCEPTED and ADOPTED** in full.
2. The Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED**.
3. This case shall be **DISMISSED** *with prejudice*.
4. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**. All pending deadlines and hearings are **CANCELLED**.

**DONE AND ORDERED** in the Southern District of Florida on November 9, 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record