UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 21-cv-02116-ALTMAN/Reid

**DARLENE GALLOWAY**,

    *Plaintiff*,

*v.*

**JOSEPH CHRISTOPHER COLLINS**,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

Our Plaintiff, Darlene Galloway, served as a probation officer for the U.S. District Court for the Middle District of Florida from April 23, 2001, until her retirement on April 23, 2021. *See* Decl. of Chief Human Resources Officer [ECF No. 16-1] at 1. Galloway has long alleged that the Defendant (the Chief U.S. Probation Officer for the Middle District of Florida) discriminated against her on the basis of her age, race, and gender, creating a hostile work environment and stunting her career development. *See* Complaint [ECF No. 1] at 4, 6. To vindicate her claims of discrimination, Galloway filed an Employee Dispute Resolution ("EDR") Complaint against the Defendant, *see id.* at 6, pursuant to the Middle District's EDR Plan, which governs adverse-employment actions arising out of race, color, religion, sex, national-origin, and disability discrimination, *see* 2017 MDFL EDR Plan [ECF No. 16-2] at 3–5; *see also* 2021 MDFL EDR Plan [ECF No. 16-3] at 2.[1]

Galloway's EDR Complaint was assigned to U.S. District Judge Timothy Corrigan. Judge

---

[1] The Middle District's 2017 MDFL EDR Plan is "the exclusive means for an employee to seek redress of the rights covered by the Plan . . . . [serving] in lieu of any other legal or equitable remedy with respect to the rights subject to redress under [the] Plan." 2017 MDFL EDR Plan at 2. And the 2021 MDFL EDR Plan, which is the most recent version of the Plan, "provides the exclusive remedy for Judiciary employees relating to employment rights covered by this Plan." 2021 MDFL EDR Plan at 2.

Corrigan held a hearing on May 20, 2015, where Galloway was "represented . . . by well-qualified counsel." Final Decision on EDR Complaint (the "Corrigan Decision") [ECF No. 30-1] at 9–10. On June 10, 2015, Judge Corrigan issued a thorough written decision denying Galloway's EDR Complaint on the grounds that "Galloway ha[d] not met her burden of proving by a preponderance of the evidence that a substantive right protected by the EDR Plan ha[d] been violated. There is no evidence of wrongful employment discrimination or retaliation by the United States Probation Office." *Id.* at 10. After Galloway petitioned for review, the Judicial Council for the Eleventh Circuit, headed by then-Chief Judge Ed Carnes, affirmed Judge Corrigan's decision. *See* Order of Judicial Council [ECF No. 30-1] at 11–12. The Secretary of the Judicial Council then sent the Council's Order to the Defendant, "not[ing] that the decision of the Judicial Council is 'final and not subject to further review.'" *Id.* at 11 (quoting 2017 MDFL EDR Plan at 23).

On December 30, 2021, Galloway filed *this* lawsuit in the Middle District of Florida, seeking relief under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and 42 U.S.C. § 2302. *See generally* Complaint.[2] In her Complaint, Galloway once again claims that the Defendant, Joseph Christopher Collins, discriminated against her on the basis of her age, race, and gender. *Id.* at 4. This time, Galloway also contends that the Defendant's discriminatory behavior continued—and became retaliatory—after she filed her EDR Complaint against him. *Id.* at 6.

On July 20, 2022, the Defendant filed a Motion to Dismiss with Prejudice [ECF No. 16]. We referred the Motion to Dismiss to U.S. Magistrate Judge Lisette M. Reid, who recommended that we grant the Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Report and Recommendation (the "R&R") [ECF No. 24] at 11. Magistrate Judge Reid also warned

---

[2] The Chief Judge of the U.S. Court of Appeals for the Eleventh Circuit, William H. Pryor, Jr., assigned this case to us on February 8, 2022. *See* Appointment for Temporary Designation and Assignment of Article III Judge [ECF No. 8].

2

the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Ibid.*

The Plaintiff timely objected to the R&R. *See* Plaintiff's Objections to the R&R (the "Objections") [ECF No. 28]. Unfortunately, the Objections did not immediately post to our Case Management/Electronic Case Files ("CM/ECF") system, leading us to believe that neither side had objected. *See* Order Adopting the R&R [ECF No. 26] at 1. As a result, we reviewed (and adopted) the R&R under the clear-error or contrary-to-law standard of review. *See ibid.* ("[W]hen no party has timely objected, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting FED. R. CIV. P. 72)).

Five days after we entered our Order Adopting the R&R, the Plaintiff's Objections finally posted to CM/ECF. *See generally* Docket. The Defendant then filed a Response to the Plaintiff's Objections [ECF No. 29]. On December 5, 2022, the Plaintiff filed a Motion for Reconsideration, "respectfully request[ing] this Honorable Court to reconsider its Order . . . granting Defendant's Motion to Dismiss Plaintiff's Complaint[.]" Motion for Reconsideration [ECF No. 32] at 1; *see also id.* at 5 ("Plaintiff was prejudiced by the premature ruling granting the Motion to Dismiss."). In his Response to the Plaintiff's Motion for Reconsideration [ECF No. 33], the Defendant informs us that, "[t]o the extent Plaintiff seeks to have the Court make a *de novo* determination of those portions of the R&R to which she made an objection as required under 28 U.S.C. § 636(b)(1), Defendant has no opposition." *Id.* at 3. We, therefore, **GRANT in part** the Motion for Reconsideration to the extent that we now review the R&R *de novo*.

3

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). "Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error." *Ibid.*

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Sometimes, there is "overlap" between the merits of a case and the question of jurisdiction: "[W]here a plaintiff fails to plausibly allege an element that is both a merit element of a claim and a jurisdictional element, the district court may dismiss the claim

4

under Rule 12(b)(1) or Rule 12(b)(6). Or both. The label does not change the lack of subject-matter jurisdiction, and the claim fails on the merits because it does not state a claim upon which relief can be granted." *Brownback v. King*, 141 S. Ct. 740, 749 n.8 (2021).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Galloway, acting *pro se*, lodges four objections to Judge Reid's R&R, which we now review *de novo*. We'll address the Plaintiff's first and fourth objections together. Galloway's first objection is that "the Court erred in stating it lacks subject matter jurisdiction." Objections at 2. Her fourth objection is that Judge Reid "erred in stating the [EDR] Plan is the exclusive remedy for Plaintiff." *Id.* at 4. Judge Reid recommended that the Complaint be dismissed for lack of subject-matter jurisdiction because "federal probation officers are not afforded a judicial remedy in the federal courts for employment discrimination claims" and because "federal courts' internal EDR Plans are the sole remedy available to federal judiciary employees, like Plaintiff." R&R at 6. We agree with both of these conclusions and thus overrule Galloway's first and fourth Objections.

The Civil Service Reform Act of 1978 ("CSRA" or the "Act") "comprehensively overhauled the civil service system," *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 773 (1985), and "created an elaborate new framework for evaluating adverse personnel actions against federal employees, . . .

5

including the availability of administrative and judicial review," *Lee v. Hughes*, 145 F.3d 1272, 1274 (11th Cir. 1998) (cleaned up). Federal courts across the country, including the Eleventh Circuit, have uniformly concluded that Congress specifically designed the CSRA to *exclude* employees of the judicial branch from the Act's review procedures. *See Lee*, 145 F.3d at 1275 (concluding that "Congress deliberately excluded certain employees from the provision establishing administrative and judicial review for adverse personnel actions"); *Dotson v. Griesa*, 398 F.3d 156, 160, 165 (2d Cir. 2005) ("[W]hile the CSRA meticulously categorizes the thousands of federal civil service employees into three categories and provides a detailed and comprehensive means for addressing their employment grievances, it provides no administrative or judicial review rights for non-preference eligible excepted service personnel serving in the judicial branch . . . . Congress's exclusion of most judicial branch employees from [the] statute's review procedures was not inadvertent but deliberate."); *Semper v. United States*, 694 F.3d 90, 95 (Fed. Cir. 2012) (holding that "Congress's withholding of CSRA review rights was not inadvertent, and that Congress did not intend for Judicial Branch employees who were not entitled to review under the CSRA to have alternative routes to judicial review for adverse agency actions").

And, crucially, probation officers, like Galloway, qualify as judicial employees. *See Dotson*, 398 F.3d at 163 ("[E]mployees of the judicial branch, including probation officers[,] . . . qualify as excepted service personnel because they are neither in the executive branch nor included in the competitive service by statute."); *Drone v. Duff*, 2017 WL 6383607, at *2 (E.D. Va. Dec. 14, 2017) ("Probation officers, as judicial employees, cannot use the CSRA review procedures.").

This line of cases also establishes that Congress chose *not* to "provide CSRA review to judiciary employees in part because the judiciary has its own adequate employment dispute review procedure." *Drone*, 2017 WL 6383607, at *3. Many (perhaps most) federal courts have adopted EDR Plans based on the Judicial Conference's Model EDR Plan. *See* R&R at 9. The deliberate exclusion of judicial

employees from the CSRA's review procedures reflects Congress's acknowledgment that these EDR Plans provide sufficient judicial review for judicial employees seeking redress for claims of employment discrimination. As a result, "the Judiciary's EDR tribunals are the only forum where judicial employees may seek redress for unlawful personnel actions." *In re Golinski*, 587 F.3d 956, 961 (9th Cir. 2009). And, because EDR Plans are the exclusive forum for judicial employees seeking redress for claims of employment discrimination, federal courts lack subject-matter jurisdiction over these claims. *See Drone*, 2017 WL 6383607, at *3 (finding that the court lacked subject-matter jurisdiction over a probation officer's claims because the district's EDR Plan already provided the probation officer with "meaningful review by judicial officers, . . . including an evidentiary hearing"); *Semper v. Gomez*, 747 F.3d 229, 235 (3d Cir. 2014) ("[T]he CSRA precludes [the probation officer's] [claims] because he was a judicial employee who could pursue meaningful relief under a remedial plan adopted by the District Court of the Virgin Islands that provides for meaningful review of his claims by judicial officers. Accordingly, the District Court lacked subject matter jurisdiction over his claims.").

The Middle District of Florida's EDR Plan is based on the Judicial Conference's Model EDR Plan. *Compare* 2017 MDFL EDR Plan at 5 ("Discrimination against an employee based on race, color, religion, sex (including pregnancy), sexual harassment, national origin, age (at least 40 years of age at the time of the alleged discrimination), or disability is prohibited. Both harassment of an employee based on any protected category and retaliation for engaging in any protected activity are protected"), *with* Rep. of the Jud. Conf. of the United States, Judiciary Equal Employment Opportunity Program—Model Equal Employment Opportunity Plan § I (1980, rev. 1986) ("Model EDR Plan") ("A discrimination complaint is any allegation that a person has been denied employment, promotion, or advancement, or has been affected in any other condition of employment because of his or her race, sex, color, national origin, religion, age (at least 40 years of age at the time of the alleged discrimination), or handicap. It also includes allegations of restraint, interference, coercion,

7

discrimination, or reprisal because a person has raised an allegation of discrimination or has served as a representative, a witness, or an EEO Coordinator in connection with a complaint."); *see also* R&R at 9 ("As with other District Courts, the Middle District has implemented its own EDR Plan based on the Judicial Conference's Model EDR Plan.").

As we've said, Galloway filed an EDR Complaint against the Defendant, which was "denied following review under the EDR process which requires review by a designated district judge or judicial officer." R&R at 2. We agree with Judge Reid that the Middle District's EDR Plan was the exclusive mechanism for Galloway to seek redress for the kinds of rights violations governed by the Plan. *See id.* at 9. "[B]ecause the CSRA precludes district court review of employment disputes that fall outside of the statute's reach," and because the Middle District's "EDR Plan provided [Galloway] with meaningful judicial review of her claims," *Drone*, 2017 WL 6383607, at *4, we adopt Judge Reid's conclusion that we lack subject-matter jurisdiction over Galloway's claims.

In Galloway's view, the law isn't "well-settled that the EDR Plan is the exclusive remedy for current and former employees of the federal judiciary." Objections at 4–5. As support for her view, Galloway tells us:

> The EDR Plan "intended" to provided protections to judiciary employees that are equitable [sic] to Title VII but has miserably failed in this endeavor . . . . Judicial staff rarely file complaints because of fear of retaliation or reputational harm . . . . The EDR Plan offers no legal protection against judges and judicial executives who abuse their power. Judges and judicial executives are aware of their workplace protections and know they will not be held accountable for their discriminatory and hostile behaviors. The perpetrators usually do not receive any tangible consequences for their abusive actions.

*Id.* at 5. Unfortunately for Galloway, the law is squarely against her. In a similar case in which a probation officer brought a *Bivens*[3] action against his supervisors—alleging racial discrimination in connection with his termination—the Eleventh Circuit "recognize[d] that this case is troubling

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

8

because plaintiff was not afforded a congressionally enacted judicial or administrative procedure through which to vindicate the alleged constitutional wrong." *Lee*, 145 F.3d at 1276. But (the Eleventh Circuit continued) "exclusion of certain classes of employees from the remedies provided by the CSRA reflects not congressional silence from which courts may imply that an excluded employee is free to pursue whatever judicial remedies he would have had before enactment of the CSRA, . . . but rather congressional intent to deny the excluded employee specific protections otherwise afforded by the Act[.]" *Ibid*. And the Court concluded: "In light of Congress's deliberate exclusion of certain employees from the protections of the CSRA and this country's long-respected separation of powers doctrine, courts should be hesitant to provide an aggrieved plaintiff with a remedy where Congress intentionally has withheld one." *Ibid*. (cleaned up).

Fair or not, in other words, the EDR Plan was the only forum through which Galloway could pursue her claims. *See also In re Levenson*, 587 F.3d 925, 935 (9th Cir. 2009) ("Levenson, like most other employees of the federal judiciary, has no remedies under the Civil Service Reform Act, [and] is not covered by Title VII of the Civil Rights Act . . . . Instead, Levenson must resolve any employment discrimination claim through the procedures set forth in the EDR Plan, which is intended to be the exclusive remedy of the employee relating to rights enumerated under the Plan." (cleaned up)). Galloway's EDR Complaint was reviewed by Judge Corrigan, who concluded that Galloway failed to prove her discrimination claims. *See* Corrigan Decision at 9–10. The Judicial Council for the Eleventh Circuit then affirmed Judge Corrigan's decision. That's really the end of the line. Galloway's first and fourth objections are therefore **OVERRULED**.

In her second objection, Galloway contends that "the Court erred in stating Plaintiff failed to state claim." Objections at 4. As Judge Reid rightly noted, however, the "jurisdictional inquiry and [the] merits inquiry" overlap in our case. R&R at 5. And, as Judge Reid correctly explained, "[g]iven Congress's clear intent to leave matters such as Plaintiff's discrimination claims exclusively to federal

9

courts' own EDR procedures, Plaintiff's claims cannot proceed. Had Plaintiff wished to address Defendant's alleged retaliatory behavior following the dismissal of her 2014 EDR Complaint, she was required to file another EDR Complaint. She failed to do so. As Plaintiff has failed to state a plausible claim for relief under any of the statutes she has invoked, Plaintiff's Complaint should be dismissed under Rule 12(b)(6)." *Id.* at 10. Galloway's only argument in support of her second objection is that she "was not trained on the EDR Plan as a Former Employee of the United States District Court [and] [t]here was no foreknowledge that the Middle District of Florida EDR Plan provided the exclusive remedy for Plaintiff's action[.]" Objections at 4 (cleaned up). She concedes, however, that "ignorance of the law is not a legal defense[.]" *Ibid.*

As we've said, we agree with Judge Reid that the Middle District's EDR Plan was the exclusive forum for Galloway's employment-discrimination claims. We also agree that "this was something [Galloway] likely was, or reasonably should have been aware of." R&R at 9. In fact, Galloway "availed herself of the EDR system in 2014 when she filed a complaint of discrimination against Defendant. Therefore, Plaintiff was familiar with EDR and its procedures." *Ibid.* In any event, whether Galloway received "training" on the EDR Plan is irrelevant. Congress has repeatedly "with[e]ld judicial review from aggrieved judicial branch employees," supporting "the conclusion that it consider[s] the judicial review available to judicial branch employees through the judiciary's own review plans adequate and intend[s] no supplemental judicial review either at law or in equity." *Dotson*, 398 F.3d at 181. Galloway's Complaint thus fails to state a claim upon which relief can be granted because "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief" outside of the EDR procedures. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). Her second objection is thus **OVERRULED**.

*Finally*, in her third objection, Galloway maintains that "the Court erred in stating the Complaint constituted an impermissible shotgun pleading," because she "followed Middle District of Florida Court instructions by submitting plain, short statements in describing the discrimination,

10

retaliation, and hostility she suffered at the hands of Defendant." Objections at 4. Galloway appears to have misread or misinterpreted the R&R, as Judge Reid (expressly) did *not* reach the question of whether Galloway's Complaint was a shotgun pleading: "[B]ecause it is clear," Judge Reid wrote, that the "Plaintiff's claims are subject to dismissal, the Court need not reach the question of whether Plaintiff's Complaint constitutes an impermissible shotgun pleading. Defendant's challenges under Rule 12(b)(1) and 12(b)(6) foreclose Plaintiff's claims." R&R at 11 (cleaned up). Galloway's third objection is likewise **OVERRULED**.

## LEAVE TO AMEND

Galloway has filed a separate Motion for Leave to File an Amended Complaint [ECF No. 27], to which she's attached a proposed Amended Complaint [ECF No. 27-1]. The Federal Rules of Civil Procedure authorize "a party [to] amend its pleading . . . with . . . the court's leave." FED. R. CIV. P. 15(a)(2). Courts must "freely give leave when justice so requires." *Ibid.* In assessing whether to grant leave under Rule 15(a), courts may deny a motion for leave to amend *only* when there is a "substantial reason to deny leave." *Ayca v. Seven C's Bldg. Maint., Inc.*, 2020 WL 2513105, at *2 (S.D. Fla. May 15, 2020) (Bloom, J.). Indeed, the Eleventh Circuit has explained that a motion for leave to amend may be denied only when a court finds: (1) "undue delay" or "bad faith," (2) "undue prejudice," or (3) "futility of the amendment." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006).

Where "the district court would lack subject matter jurisdiction over any future amended complaint, amendment would be futile." *Dixon v. Epiq Corp. Restructuring, LLC*, 2022 WL 2290523, at *10 (S.D. Fla. June 24, 2022) (Altman, J.) (cleaned up); *see also Johnson v. Regions Mortg.*, 503 F. App'x 810, 811 (11th Cir. 2013) ("Because none of Johnson's allegations state a claim that arises under federal law, the district court would lack subject matter jurisdiction over Johnson's proposed amended complaint and amendment would be futile."); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th

11

Cir. 2004) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal").

In her Proposed Amended Complaint, Galloway essentially asserts the same discrimination and retaliation claims she advanced in her initial Complaint—albeit with a slightly different framing. But, rather than remedy the jurisdictional defects we've identified in this Order, Galloway's Proposed Amended Complaint actually introduces new jurisdictional problems. For example, Galloway now claims that the Court has "jurisdiction over this action because the district courts have jurisdiction over Bivens causes of action under 28 U.S.C., Section 1331[.]" Proposed Amended Complaint at 9 (errors in original). But the Eleventh Circuit has "recognized that the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related *Bivens* actions by federal employees[.]" *Lee*, 145 F.3d at 1275; *see also Dotson*, 398 F.3d at 176 (affirming the district court's dismissal of a probation officer's *Bivens* claim because "judicial branch employees . . . no less than other federal employees covered by the CSRA, are precluded from pursuing *Bivens* damages actions for adverse employment decisions"). Galloway also clarifies that she's requesting equitable relief in the form of back pay, front pay, and an injunction on "any further violation of Plaintiff's rights." Proposed Amended Complaint at 18. The Eleventh Circuit, however, has "concluded from the comprehensive nature of the CSRA that Congress did not intend for federal employees to pursue supplemental judicial relief, even in equity, for classic employment disputes." *Dotson*, 398 F.3d at 179 (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1575–77 (11th Cir. 1990)).

Remember, "the CSRA precludes a federal employee from litigating constitutional claims for equitable and declaratory relief in a § 1331 action where the employee could pursue meaningful relief under a remedial plan that provides for meaningful review of his or her claims by judicial officers." *Gomez*, 747 F.3d at 242. And the Middle District's EDR Plan is the "exclusive remedy for Judiciary

12

employees" asserting employment-discrimination claims under the Plan. 2021 MDFL EDR Plan at 2. Galloway had access to meaningful relief under the Middle District's EDR Plan: Her claims were heard by a federal district judge—and, when he ruled against her, she appealed that decision to the Eleventh Circuit's Judicial Council, which (after careful review) affirmed the district judge's findings. Galloway then could have filed a second EDR Complaint, but she chose not to. *See* R&R at 2. We understand that the Plaintiff is disappointed with the outcome of her EDR proceedings. But that doesn't give her the right to sue in federal court, and nothing in her Proposed Amended Complaint cures the jurisdictional defects we've found in her original Complaint. In our view, therefore, any further amendment would be futile.

\*\*\*

After careful review, we **ORDER and ADJUDGE** as follows:

1. The Motion for Reconsideration [ECF No. 32] is **GRANTED in part** to the extent that we reviewed the Report and Recommendation [ECF No. 24] *de novo*. The Motion for Reconsideration is otherwise **DENIED**.

2. Our prior Order Adopting the Report and Recommendation [ECF No. 26] is **VACATED**.

3. The Report and Recommendation [ECF No. 24] is **ACCEPTED and ADOPTED** in full.

4. The Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED**.

5. The Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 27] is **DENIED**.

6. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on August 24, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record